Submitted June 8, reversed and remanded August 10, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT HOMER WEDEL,
*Defendant-Appellant.*

Klamath County Circuit Court
0801777CR; A143259

261 P3d 52

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals from a judgment convicting him of first-degree sexual abuse. ORS 163.427. Defendant asserts that the trial court erred in admitting into evidence a diagnosis of child sexual abuse in the absence of any physical evidence. *See State v. Southard*, 347 Or 127, 218 P3d 104 (2009) (holding that admission of such evidence is error). Defendant did not preserve that issue before the trial court, but contends that the admission of the diagnosis evidence was plain error.

The state acknowledges that the evidence in question was inadmissible under *Southard*, but contends that we should not treat its admission as error apparent on the face of the record and that we should not exercise our discretion to correct it. We reject without discussion all but one of the state's arguments as to why the error should not be corrected. We write primarily to address the state's argument that there was "marginal harm (if any) caused by the admission of the diagnosis." As to that contention, we disagree.

Defendant was charged with first-degree sexual abuse, second-degree sexual abuse, and second-degree unlawful sexual penetration, based on allegations by his granddaughter that he had touched her vagina (first-degree sexual abuse) and that he had penetrated her vagina with his finger and with a foreign object (second-degree sexual abuse and second-degree unlawful sexual penetration). The jury was unable to reach a verdict on the second and third charges, but convicted defendant on the first charge. The child testified at trial as to all three acts. Defendant testified that he had not touched the victim. Although the state presented additional evidence tending to show that there was a sexualized relationship between defendant and the victim, that evidence did not corroborate that the charged acts had occurred. Because the evidence did not corroborate that the charged acts occurred, the state cannot cogently assert that the error was harmless. In essence, the case reduced to the question of which witness's version of the facts the jury believed.

To the extent that the state suggests that the jury's failure to convict defendant on two of the three charges militates against correcting the error, we rejected a similar argument in *State v. Lovern*, 234 Or App 502, 513, 228 P3d 688 (2010). The key issue in *Lovern*, as in this case, concerned the credibility of the child victim, and that the improperly admitted diagnosis of child sexual abuse could have allowed the jury to "improperly defer to the expert's assessment of credibility rather than making its own independent determination." *Id.* (citing *Southard*, 347 Or at 141). The state argued that the jury made its own credibility determination, as shown by "the fact that the jury acquitted defendant on *some* [of the] charges, albeit convicting on others." 234 Or App at 513 (emphasis in original). We rejected the state's argument, noting that the expert "did not detail the specific acts correlating to" her diagnosis of sexual abuse, and that it "does not follow, simply because the jury acquitted defendant of other counts * * * that the jury was not prejudicially influenced by the erroneously admitted expert opinion[.]" *Id.* at 514. The same is true here. We are unable to read into the fact that the jury acquitted on some counts an inference that the jury therefore was not unduly prejudiced by inadmissible evidence with regard to the count on which it convicted.

In these circumstances, the gravity of the error and the interests of justice weigh heavily in favor of our exercising discretion to correct the error. *See, e.g., id.* (noting gravity of error in similar circumstances); *State v. Merrimon*, 234 Or App 515, 228 P3d 666 (2010) (same).

Reversed and remanded.